■ PAUL J. VALACHOVIC et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 40435.) — MEMORANDUM BY THE COURT. The proof which the trial court chose to accept amply supports the award in this uncomplicated case of a relatively small business property on a city street. Judgment affirmed, with costs. Gibson, P. J. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT S. HARRINGTON, Appellant, v. DANIEL MCMANN, as Warden of Clinton Prison, Respondent.— MEMORANDUM BY THE COURT. Petitioner, an inmate of Clinton Prison, appeals from a judgment of the Supreme Court at Special Term sustaining a writ of habeas corpus to the extent of remanding him to the County Court of Chemung County for resentence under a judgment of conviction entered on October 27, 1947 upon his plea of guilty to the crime of robbery in the first degree. Essentially the validity of the judgment is not attacked. Appellant contends that he is entitled to discharge from custody upon the ground that the commitment issued in execution of a resentence imposed on October 8, 1954 pursuant to an order of the County Court of Wyoming County was void for its failure to state the crime of which he was convicted as required by section 485 of the Code of Criminal Procedure and because of an error misnaming the court which directed the resentence. There is no showing that the ministerial mistakes relied on actually prejudiced or tended to prejudice appellant in respect to any substantial right. (See Code Crim. Pro., § 684.) "It is well settled that irregularities or defects in the proceedings for commitment pursuant to a judgment of conviction are not grounds for the discharge of the defendant from the custody of the Warden as long as there is a valid judgment of conviction underlying the commitment." (*People ex rel. Harris* v. *Lindsay*, 21 A D 2d 102, 106 and cases cited therein, affd. 15 N Y 2d 751.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.